Per Curiam.

Petitioner urges that his conviction was invalid on the ground that the affidavit upon which he was bound over to the grand jury charged him with aggravated assault, but that the charge was later changed to assault with a deadly weapon. An accused in a felony case is tried upon the indictment returned by the grand jury, which is based on the evidence presented to it. The accused is not tried on the original affidavit filed against him. The fact that the charge in the *53 indictment does not conform to that originally made in the affidavit does not affect the validity of the conviction. Dowell v. Maxwell, Warden, 174 Ohio St., 289; and Clinger v. Maxwell, Warden, 175 Ohio St., 540.
Next, petitioner contends that his detention is illegal because a period of 18 months elapsed between the time of his original sentence and the time of his resentence after reversal by the Court of Appeals. There was no delay in pronouncing sentence in this case inasmuch as sentence was pronounced at the time petitioner was convicted. The resentencing was occasioned by the fact that on the appeal prosecuted by petitioner the Court of Appeals found that the original imposition of sentence was erroneous because the court failed to ask the petitioner whether he had anything to say as to why judgment should not be pronounced against him, before the court pronounced sentence, as required by Section 2947.05, Kevised Code, and remanded the cause to the trial court for the sole purpose of resentencing petitioner. This was proper procedure.
An appellate court may remand a criminal cause to the trial court for the sole purpose of correcting a sentence which was imposed contrary to law. Section 2953.07, Kevised Code; 16 Ohio Jurisprudence (2d), 106, Criminal Law, Section 732; and 24B Corpus Juris Secundum, 380, Criminal Law, Section 1950(3).
Where a judgment in a criminal case is reversed on the sole ground of error in the imposition of the sentence, and the cause is remanded to the trial court so that a proper sentence may be imposed, the delay between the imposition of the original sentence and the resentencing does not affect the validity of the confinement.
Petitioner, in general, claims that the affidavit was false, that the prosecuting witness wished to drop the charges, and that the prosecuting witness was forced to appear before the grand jury. None of these claims affect the validity of petitioner’s detention. As above pointed out, petitioner was tried on the indictment returned by the grand jury and not on the affidavit. So far as petitioner’s argument that the prosecuting witness wished to drop the charges and was forced to appear before the grand jury is con *54 cerned, such argument is without merit. A violation of the state’s penal laws constitutes an offense against the state, and it does not lie within the discretion of the victim as to whether the violator shall be punished.
Petitioner’s final contention is that he is innocent, and that he could have proved his innocence, but the trial judge refused to allow him to call as a witness the person who actually committed the crime. This matter arose during petitioner’s motion for a new trial on the basis of newly discovered evidence. This matter was heard and considered by the trial court which determined that such witness was avaliable at the time of petitioner’s trial and could have been subpoenaed at that time. Errors or irregularities in procedure such as those relating to the admission or exclusion of evidence or witnesses are not reviewable in habeas corpus but must be urged by appeal. Grove v. Maxwell, Warden, 173 Ohio St., 559; and Ex parte Van Hagan, 25 Ohio St., 426.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, 0 ’Neill, Griffith, Herbert and Gibson, JJ., concur.